UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------x
                              :
MARK S. KOELLE                :    Civil No. 3:16CV01714(AWT)
                              :
v.                            :
                              :
JP MORGAN CHASE BANK, N.A.    :    November 2, 2017
                              :
------------------------------x

**RULING RE: MOTION FOR ATTORNEYS' FEES AND COSTS [Doc. #47]**

Defendant JP Morgan Chase, N.A. ("defendant") has filed a motion seeking an award of attorneys' fees. [Doc. #47]. For the reasons set forth herein, the Court **GRANTS** defendant's Motion for Attorneys' Fees and Costs for defendant's Motion to Compel **[Doc. #47]**.

I. **BACKGROUND**

On August 28, 2017, the Court granted, absent objection, defendant's motion to compel plaintiff to respond to defendant's interrogatories and requests for production (Doc. #35). See Doc. #40. On September 1, 2017, the Court held a conference with counsel to discuss discovery and scheduling issues. See Doc. #43. At that conference, "[d]efendant indicated that it may wish to pursue the costs and fees associated with the filing of defendant's Motion to Compel. The Court advised defendant to file a specific request on the docket if it wish[ed] to pursue such a remedy." Id. at 1. On September 14, 2017, defendant filed

a motion for attorneys' fees and costs associated with defendant's motion to compel, seeking an award of $6,379.20 for 18.8 hours of work performed by two attorneys in connection with the motion. See Doc. #47. Plaintiff did not file a response to defendant's motion for attorneys' fees and costs.

## II. LEGAL STANDARD

"If [a motion for an order compelling discovery] is granted ... the court must ... require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). "But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Id.

An award of attorneys' fees pursuant to Rule 37 is calculated "according to the lodestar formula, in which the number of hours spent by the attorneys is multiplied by the hourly rate normally charged for similar work by attorneys of like skill in the area." Bowne of New York City, Inc. v. AmBase Corp., 161 F.R.D. 258, 266 (S.D.N.Y. 1995) (quotation marks and citations omitted); see also Congregation Rabbinical Coll. of

Tartikov, Inc. v. Vill. of Pomona, 188 F. Supp. 3d 333, 337 (S.D.N.Y. 2016) (determining that the lodestar is the presumptively reasonable fee in determining the amount of attorneys' fees and costs warranted in connection with a motion for sanctions).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The resulting amount "is only presumptively reasonable; it is still within the court's discretion to adjust the amount upward or downward based on the case-specific factors." Tyco Healthcare Grp. LP v. Ethicon Endo-Surgery, Inc., No. 3:10CV60(JBA), 2012 WL 4092515, at *1 (D. Conn. Sept. 17, 2012) (quotation marks and citation omitted). "Hence, the process is really a four-step one, as the court must: (1) determine the reasonable hourly rate; (2) determine the number of hours reasonably expended; (3) multiply the two to calculate the presumptively reasonable fee; and (4) make any appropriate adjustments to arrive at the final fee award." Adorno v. Port Auth. of New York & New Jersey, 685 F. Supp. 2d 507, 511 (S.D.N.Y. 2010).

"The presumptively reasonable fee boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate

the case effectively." Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (quotation marks and citation omitted). Factors that the Court may consider in determining a reasonable fee are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Beastie Boys v. Monster Energy Co., 112 F. Supp. 3d 31, 48 (S.D.N.Y. 2015) (citations omitted).

"The district court retains discretion to determine what constitutes a reasonable fee." Millea v. Metro-N. R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (quotation marks and citation omitted). The Court is mindful that "attorney's fees are to [be] awarded with an eye to moderation, seeking to avoid either the reality or the appearance of awarding windfall fees." Tsombanidis v. City of W. Haven, 208 F. Supp. 2d 263, 270 (D. Conn. 2002) (quotation marks and citation omitted), aff'd sub nom. Tsombanidis v. W. Haven Fire Dep't, 352 F.3d 565 (2d Cir. 2003); see also New York State Assoc. for Retarded Children v. Carey, 711 F.2d 1136, 1139 (2d Cir. 1983).

## III. DISCUSSION

### A. Defendant's Reasonable Expenses

No exception to Rule 37's requirement that the Court award the movant's reasonable expenses incurred in filing the motion to compel applies here. See Fed. R. Civ. P. 37(a)(5)(A). Defendant attempted in good faith to obtain responses to its discovery requests, contacting counsel for the plaintiff about the discovery multiple times over the course of more than two months. See Doc. #35-2 at 4-8, 64-68. Plaintiff has made no assertion that his failure to respond was substantially justified or that other circumstances make an award of expenses unjust. Accordingly, defendant is entitled to receive the reasonable expenses incurred in making the motion.

Two attorneys performed work on the motion to compel: John G. Stretton, a shareholder at Ogletree, Deakins, Nash, Smoak & Stewart, P.C. in Stamford, Connecticut, and Ashley Totorica, an associate at the same firm. See Doc. #47 at 4-5. Attorney Stretton has "nearly twenty years of experience in the area of employment litigation" and Attorney Totorica has "over five years of experience in employment litigation." Doc. #47-1 at 3. Attorney Stretton's billing rate in this matter is $412 per hour, discounted from his regular rate of $515 per hour, while Attorney Totorica's rate is $300, discounted from his regular rate of $375 per hour. See id. They billed a total of 18.8 hours

for the motion to compel, with Attorney Stretton billing 6.6 hours and Attorney Totorica billing 12.2 hours. See Doc. #47-1 at 7. Defendant has provided the Court with time records indicating the dates, hours expended, and nature of the work completed by each attorney. See id.

Plaintiff has not challenged the reasonableness of defendant's attorneys' hourly rates or the hours they expended in connection with the motion to compel. "Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion." D. Conn. L. Civ. R. 7(a); see also Sequeria v. Ford Motor Co., No. 3:04CV883(CFD), 2005 WL 1523360, at *1 (D. Conn. June 23, 2005) ("[P]ursuant to D. Conn. L. Civ. R. 41(a) and Fed. R. Civ. P. 41(b), [plaintiff's] failure to submit a memorandum in opposition to the motion may be deemed sufficient cause to grant the motion[.]" (quotation marks and citations omitted)); Brown v. Semple, No. 3:16CV01144(SRU), 2017 WL 1190365, at *4 (D. Conn. Mar. 30, 2017) (granting a discovery motion based on non-movant party's failure to object). Here, the motion for attorneys' fees and costs appears on its face to fall within the range of reasonable awards. Accordingly, the Court finds no basis to reject or modify the request, and the Court therefore awards

$6,379.20 in attorneys' fees for work performed in connection with defendant's motion to compel.

### B. Joint and Several Liability of Plaintiff and Attorney John Harrington

"When both the client and [his] attorney are responsible for violation of discovery obligations, they may be made jointly and severally liable for any sanctions awarded." Turner v. Hudson Transit Lines, Inc., 142 F.R.D. 68, 79 (S.D.N.Y. 1991). Here, both plaintiff and his counsel, John Harrington ("Attorney Harrington"),[1] may be held liable under Rule 37. See Roadway Exp., Inc. v. Piper, 447 U.S. 752, 763 (1980) ("Both parties and counsel may be held personally liable for expenses, including attorney's fees, caused by the failure to comply with discovery orders." (quotation marks omitted)); Sterling Promotional Corp. v. Gen. Acc. Ins. Co. of New York, 86 F. App'x 441, 445 (2d Cir. 2004) (finding imposition of joint and several liability on attorney and client proper, and noting that counsel

---

[1] Attorney Harrington was the only counsel of record for plaintiff until October 10, 2017, when a second attorney from another firm, Attorney Gary Phelan, filed an appearance for plaintiff. See Doc. #52. Attorney Harrington has not moved to withdraw. Attorney Harrington was sole counsel for plaintiff at the points in time when: the discovery requests were served; the responses were due; the motion to compel was filed; the response to the motion to compel was due; the motion for attorneys' fees was filed; and the response to the motion for attorneys' fees was due. Accordingly, the Court does not hold Attorney Phelan liable for the award of fees.

was made aware of the possibility of joint and several liability by the filing of a motion under Rule 37).

The imposition of joint and several liability on counsel as well as the client is appropriate where the attorney "contributed significantly to the pattern of delay" in responding to discovery, if there are no apparent "circumstances making such an award unfair or unjust." Chesa Int'l, Ltd. v. Fashion Assocs., Inc., 425 F. Supp. 234, 238 (S.D.N.Y.), aff'd, 573 F.2d 1288 (2d Cir. 1977). Here, it appears that Attorney Harrington contributed to the delays in responding to defendant's discovery requests. Attorney Harrington was unresponsive to defendant's attempts to confer regarding the discovery and delayed producing documents in his possession. See Doc. #35-2 at 3-8. Plaintiff failed to produce documents responsive to defendant's requests, for a period of months. See id. The Court is not aware of any circumstances that would make joint and several liability for the fee award unjust, and, as noted, plaintiff and Attorney Harrington have not responded to the motion for an award of fees. Accordingly, the Court holds plaintiff and Attorney Harrington jointly and severally liable for the fee award.

**IV. CONCLUSION**

For the reasons set forth herein, the Court **GRANTS** defendant's Motion for Attorneys' Fees and Costs for Defendant's

Motion to Compel **[Doc. #47]** and awards the defendant $6,379.20 in attorneys' fees for work performed in connection with defendant's motion to compel. Attorney John Harrington is held jointly and severally liable with plaintiff Mark S. Koelle for this award.

This is not a Recommended Ruling. This is an order regarding case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 2nd day of November, 2017.

_____/s/_____
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE
